Michael Krichevsky, DIP
4221 Atlantic Avenue
Brooklyn, NY 11224
Phone: 718-687-2300
Email: tokrichevsky1@yahoo.com

May 18, 2020

By Drop Box: NYEB_Dropbox@nyeb.uscourts.gov

Judge Elizabeth S. Stong
US BANKRUPTCY COURT
271 Cadman Plaza, Courtroom 3585
Brooklyn, NY 11201

Re: Michael Krichevsky, DIP, last SS# 7181
    Chapter 11 Case Number: 1-19-43516-ess

Dear Judge Stong:

I am the Debtor in Possession in this case. I request an adjournment of wrongly scheduled hearing for May 22, 2020 of motion for relief from stay by alleged attorney Brittany J. Maxon.

The reason I am calling her alleged attorney because since 2016 foreclosure action in State court law firm WOODS OVIATT GILMAN, LLP *knowingly* violated CPLR §322 (a) that states:

> "Authority for appearance of attorney in real property action:
> a) Authority of plaintiff's attorney. Where the defendant in an action affecting real property has not been served with evidence of the authority of the plaintiff's attorney to begin the action, he may move at any time before answering for an order directing the production of such evidence."

I moved for an order directing the production of such evidence and the firm brazenly refused to follow state law. As such, I made an inference that they have no client and acting as a shadow Plaintiff and attempting to steal my property by false pretenses.

In this case, they too deliberately failed and refused to show the court the power of attorney to appear here from alleged claimant.

On April 24, "2020, I sent email to Brittany J. Maxon. I wrote:

> "I request adjournment of the hearing on May 1, 2020 because I have equipment problem and due to COVID-19 I cannot find a computer person to visit me and fix it. Because of this, I am running late with completion of paperwork.
> Please, reply ASAP so know what to do in advance."

In reply, she sanctimoniously wrote back to me:

> "Our office will consent to a one time courtesy adjournment of the hearing scheduled for May 1, 2020. Our office will contact the Court and advise you of the new date. Please be advised that pursuant to local Bankruptcy Rule 9006-1(a), any answering papers are to be served so as to be received by the Secured Creditor's Counsel no later than seven (7) days prior to the hearing date."

I wrote back to the following:

> "Thank you!
> I will contact the court myself since I am the one asking for adjournment with information.
> In fact, I already contacted Miss Jackson and she is waiting for a result from me.
> I will let her know that you consented. Thank you very much for you cooperation."

As can be seen from this communication, at no point attorney and I discussed any particular date for an adjournment. For starters, neither she nor I could even contemplate the exact date because at that time NYC was in "shelter in home" order until I believe May 15, 2020 and I had no idea when my problem will be fixed. In fact, this problem is not fixed and I still don't know when it will be fixed. I expected that Sherry Jackson would contact me with future available dates so I can pick up the longest adjournment date possible and file motion for an adjournment myself.

On April 27, 2020, WOODS emailed me the following letter (attached) stating that they requested adjournment. As can be seen from this letter, this is not what I agreed to. This letter sounds like an adjournment, but it's not an adjournment at all. It is deceptive and misleading the court letter designed to undermine my ability to get adjournment for which I wished for in order to get a relief from my situation. I treat these actions as harassment and violation of my rights and due process.

This harassment and violation of my rights and due process did not stop there. On May 3, 2020, I wrote the letter to attorney Aleksandra F. Fugate (attached here). In it, I requested her to provide me with a complete copy of power of attorney from U.S. Bank to file proof of claim against me. This letter explains why I requested a **complete** copy of power of attorney. As of today, I received no reply.

In addition, I wrote to attorney Maxon Rule 11 letter in my effort to avoid Rule 11 motion practice and get down to business and resolution of all controversy on the merit. As of today, I received no reply.

Because of that harassment and frivolous motion practice, I was forced to drop everything I was doing as DIP, reply to her motion and file cross-motion, which I served on May 14, 2020. However, I was not able to attach any Exhibits to this cross-motion and complete it to my satisfaction due to the same technical problems.

My cross-motion is another reason to adjourn May 22, 2020 hearing so that all interested parties involved will be able to resolve all issues without the rush to judgment and on the merits.

Wherefore, I request an adjournment with the longest adjournment date possible so that I can defend myself with full and fair opportunity to litigate.

Sincerely,

/s/ Michael Krichevsky

Michael Krichevsky, DIP
Enclosure



500 Bausch & Lomb Place
Rochester, NY 14604

**WOODS OVIATT GILMAN LLP**

ATTORNEYS
woodsdefaultservices.com

P 855-227-5072   F 585-454-0302
bkinbox@woodsdefaultservices.com

April 27, 2020

Honorable Elizabeth S. Stong
Conrad B Duberstein US Courthouse
271-C Cadman Plaza East
Brooklyn, NY 11201-1800

**Re:** Michael Krichevsky
**BK Case Number:** 1-19-43516-ess
**Property:** 4221 Atlantic Avenue, Brooklyn, NY 11224

Dear Honorable Judge Stong:

The Secured Creditor, Wells Fargo Bank, N.A. as servicing agent for U.S. Bank National Association, as Trustee for Banc of America Funding Corporation Mortgage Pass-Through Certificates, Series 2006-F hereby requests an adjournment upon consent of all parties of the Motion for Relief from Stay, scheduled to be heard on May 1, 2020 at 9:30AM, to an adjourned date of May 22, 2020 at 10:30AM.

If you have any further questions, please feel free to contact me.

Very truly yours,

WOODS OVIATT GILMAN LLP

/s/ Brittany J. Maxon, Esq.

Brittany J. Maxon, Esq.

BJM/kph

100400-4

Michael Krichevsky
4221 Atlantic Ave
Brooklyn, NY 11224
718-687-2300

By email
May 3, 2020

WOODS OVIATT GILMAN, LLP.
500 Bausch & Lomb Place
Rochester, New York 14604

Att: Aleksandra K. Fugate and Brittany J. Maxon   Re: Chapter 11 case # 1-19-43516-ess
Property: 4221 Atlantic Ave., Brooklyn, NY 11224

Dear attorneys:

    Upon reviewing the proof of claim filed by your firm in this case, I noticed that attached to it limited power of attorney (POA) as Exhibit is incomplete. Therefore, it is misleading the court and I, and accordingly is void as evidence of authority to appear in this court. You know very well that I challenged this authority in State Court for years and it was never proven or shown on the record.

    At the beginning of copy of POA written, "The trusts identified on Schedule A (the "Trusts")…" However, no Schedule A attached to this copy of POA.

    As such, I am unable to verify what trust identified by this POA gave you authority to appear in this court. If this is inadvertent omission, please, amend or supplement your proof of claim and email me ASAP a copy of Schedule A mentioned in this limited power of attorney.

    Please take notice, because of that, I am unable to finish my reply to your motion for relief from stay.

Sincerely

/s/ Michael Krichevsky

Michael Krichevsky
cc: US Trustee, Nazar Khodorovsky
    Clerk of Bankruptcy Court, Sheree Jackson,

Michael Krichevsky, Sui Juris
4221 Atlantic Ave
Brooklyn, NY 11224
718-449-5600

By email
March 30, 2020

WOODS OVIATT GILMAN, LLP.
500 Bausch & Lomb Place
Rochester, New York 14604

Att: Brittany J. Maxon, Esq.

**Re: Chapter 11 case # 1-19-43516-ess**
Property: **4221 Atlantic Ave., Brooklyn, NY 11224**

Dear Brittany J. Maxon:

    Your motion to lift the stay, recently received by me, is rejected as defective because your affirmation is not signed under penalty of perjury pursuant to 28 U.S.C. § 1746. It is required that you state "under penalty of perjury that the foregoing is true and correct."
    I have noticed that it was fabricated, printed not in Rochester, New York, but in California and mailed out by Wells Fargo Bank NA to me, in New York. Are you aware of this and did you agree that your attorney's credentials used in this way. It was pleaded upon your familiarity. That being the case and it not being verified by a party, it was required to set forth the grounds of all such familiarity. In short, your affirmation completely omitted a statement of the sources of such familiarity since you did not personally witness any fact stated by you in that affirmation. Accordingly, it appears that you UNLAWFULLY testify here, but did not personally write your motion and affirmation with exhibits – rather it was fabricated by some low-level paid employee of Wells Fargo Bank and 'electronically' signed by same employee. Then, it was mailed from its California office. If that is the case, such practice is illegal. To demonstrate my point, in *Trinsey v. Pagliaro*, 229 F. Supp. 647 (1964) the court eloquently stated:

> "The defendants' motion to dismiss for failure to state a claim unsupported by affidavits or depositions is incomplete because it requests this Court to consider facts outside the record which have not been presented in the form required by Rules 12(b) (6) and 56(c). **Statements of counsel in their briefs or argument while enlightening to the Court are not sufficient for purposes of granting a motion to dismiss or summary judgment.**" [emphasis mine]

    Your motion to lift stay is akin to motion to dismiss my Chapter 11 petition, which, if granted, would cause great damage to my business and to me. I have the firsthand knowledge of every transaction since acquisition of my property and object to your hearsay knowledge as inaccurate and false, including exhibits. Giving the fact that Wells Fargo bank is notorious for foreclosure fraud and documents fabrication, including my case in state courts, I request that you read attached article by your fellow attorney and be **fully familiar** with bad reputation and frauds

widely practiced by Wells Fargo bank as your due diligence duty to the court and public. Ask yourself – is your client reliable and credible? I feel that this motion is frivolous, to say the least. Also, please, read attached Course Material written by *William F. Savino,* a Partner at Woods Oviatt Gilman LLP., to refresh your knowledge of law, which was violated by your firm in Kings County Supreme Court in 2016 until now.

After you done doing that, please, withdraw your motion to lift stay ASAP or amend it in compliance with procedural and evidentiary rules to avoid personal liability. Otherwise, I will have no choice but to file Rule 11 motion for sanctions.

If you still decide to amend your motion, please, be more specific as to which subparagraph(s) of 362(d) you refer for relief. In Addition, state how Wells Fargo has standing to file a claim in violation of FDCPA and RICO. Explain in writing why my $1,700,000 equity is insufficient to protect your alleged client's interest and how much money would be enough according to law.

If you would like to discuss this letter further, please do not hesitate to call me at the phone number above.

Sincerely

*[signature]*

Michael Krichevsky, Sui Juris Enclosure
cc: Wells Fargo Bank, N.A., Kelly Duncan