UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
In re:
Michael Krichevsky                                              Case No. 22-71045-AST
                                                                Chapter 11


                                    Debtor.
---------------------------------------------------------X

# ORDER STRIKING SCANDALOUS MATERIAL AND FOR ADJOURNEMT

On October 4, 2019, Michael Krichevsky (the "Debtor") converted his Chapter 13 case to one under Chapter 11 of the Bankruptcy Code. This Court held a Chapter 11 Case Management Conference on June 9, 2022, at 2:00 p.m.

The Court thereafter scheduled an evidentiary hearing on certain matters for July 18, 2022, primarily a long-pending Motion to Dismiss [Dkt. Item 249]

On June 23, 2022, Debtor filed a timely Objection To Contested Matter Scheduling Order, Memorandum Of Law, Motion And Supporting Affidavit To Amend And Continue July 18, 2022 Hearing (the "Objection") [Dkt Item 291]. The Objection contains scandalous and improper material, such as frivolously alleging "Judicial Treason" against Judge Stong [Dkt. Item 291; Para. 11]. The Objection also urges this Court consider various motions and requests filed by Debtor, which this Court stated at the Chapter 11 Case Management Conference would not be considered until after the Court heard the Motion to Dismiss.

The United States Trustee filed a Motion to Convert Chapter 11 Case to a Case Under Chapter 7, or in the Alternative, to Dismiss Chapter 11 Case and a request to hear that motion on shortened notice (the "UST Motion") [Dkt. Item 292].

Because Debtor has made accusations in his Objection that have both no merit and no place in these proceedings, the Court will address those first and strike them.

Striking Debtor's Scandalous Matter

Federal Rule 12(f) provides:

(f) Motion to Strike. The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:

(1) on its own; or

(2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

Fed. R. Civ. P. 12(f). This Court makes Rule 12 is applicable in this contested matter pursuant to Bankruptcy Rule 9014.

This Court strikes the following paragraphs of the Objection and cautions Debtor against making such accusations pursuant to Federal Rule of Bankruptcy Procedure 9011: paragraphs 1 (second sentence), 5, 11, 13, 25, 26.

Rather than shorten notice on the UST Motion, and given Debtor's request for an adjournment, in accordance Federal Rules of Bankruptcy Procedure 1001, 7016 and 9014, the Court will grant an adjournment of the hearing date from July 18 to July 28, and similarly will extend the various deadlines it had established. An Amended Scheduling Order to that effect will contemporaneously be entered.

**Dated: June 30, 2022**
**Central Islip, New York**

_____
**Alan S. Trust**
**Chief United States Bankruptcy Judge**