UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

**Hearing date:  July 28, 2022
@ 10:00 am**

-------------------------------------------------------X

In re:                                                                                Chapter 11

     MICHAEL KRICHEVSKY,                                   Case no: 822-71045-ast


                       Debtor.

-------------------------------------------------------X                    **<u>NOTICE</u>**

To the Debtor and Other Parties In Interest:

**PLEASE TAKE NOTICE THAT:**

       1.  Upon the application of the United States Trustee for the Eastern District of
New York, a hearing will be held before the Honorable Alan S. Trust, Chief United States
Bankruptcy Judge, of the United States Bankruptcy Court, Long Island Federal Courthouse,
Courtroom 960, 290 Federal Plaza, Central Islip, New York, on, **July 28, 2022 at 10:00 am,** or
as soon thereafter as counsel may be heard, for an order dismissing this chapter 11 case, or in the
alternative, converting this chapter 11 case to a case under Chapter 7 of the Bankruptcy Code
and such other and further relief as may be deemed just and proper.

       2.  The original application is on file with the Clerk of the Bankruptcy Court and
with the United States Trustee and may be reviewed at either office during regular business
hours.

       3.  Responsive papers, if any, shall be filed with the Clerk of the Bankruptcy
Court, 290 Federal Plaza, Central Islip, New York 11722, shall be in conformity with the
Bankruptcy Rules and the Local Rules of the Bankruptcy Court, and filed in accordance with
General Order No. 463 (which can be found at <u>www.nyeb.uscourts. the Bankruptcy Court) by
registered users of the Bankruptcy Court's electronic case filing system and, by all other parties
in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), Wordperfect or
any other Windows-based word processing format (with a hard-copy delivered directly to
Chambers) and personally served upon the United States Trustee, 560 Federal Plaza, Central
Islip, New York 11722-4456, Attn: Stan Y. Yang, Esq., no later than five (5) days prior to the
hearing date set forth above.</u>   The hearing scheduled herein may be adjourned from time to time
by announcement made in open court without further written notice.

Dated:  Central Islip, New York
      June 30, 2022

                              WILLIAM K. HARRINGTON
                              UNITED STATES TRUSTEE
                              FOR REGION 2
                              560 Federal Plaza
                              Central Islip, New York 11722
                              (631) 715-7800

UNITED STATES BANKRUPTCY COURT                    **Hearing date:  July 28, 2022**
EASTERN DISTRICT OF NEW YORK                                    **@ 10: 00 am**
--------------------------------------------------------X
In re:                                                                      Chapter 11

     MICHAEL KRICHEVSKY,                      Case no: 822-71045-ast


                      Debtor.
--------------------------------------------------------X

**AFFIRMATION IN SUPPORT OF AN APPLICATION UNDER 11 U.S.C. SECTION 1112(b) SEEKING ENTRY OF AN ORDER CONVERTING THE CHAPTER 11 CASE TO A CASE UNDER CHAPTER 7, OR IN THE ALERNATIVE, DISMISSING THIS CHAPTER 11 CASE**

TO:    THE HONORABLE ALAN S. TRUST,
          CHIEF UNITED STATES BANKRUPTCY JUDGE:

          William K. Harrington, the United States Trustee for Region 2 ("United States Trustee") in furtherance of his duties and responsibilities set forth in 28 U.S.C. §586(a)(3) and (5) does hereby make this application in support of an order dismissing this chapter 11 case, or in the alternative, converting this chapter 11 case to one under chapter 7 of the Bankruptcy Code.

          In support therefore, the United States Trustee represents and alleges as follows:


**PRELIMINARY STATEMENT**

          On June 6, 2019 (the "Filing Date"), Michael Krichevsky (the "Debtor") filed a voluntary chapter 13 petition with the United States Bankruptcy Court for the Eastern District of New York, Brooklyn Division.  Approximately, four months later, the Debtor's case was converted to one under chapter 11 of the Bankruptcy Code.  By an order of the Court, the Debtor's case was reassigned to the Chief Bankruptcy Judge Alan. S. Trust.  Despite repeat reminders to the Debtor regarding his fiduciary obligations as a debtor-in-possession to file

monthly operating reports ("MORs"), the Debtor has failed to file any MORs for the reporting periods since June of 2021. Without the MORs, it is impossible to monitor the Debtor's post-petition financial condition and his financial viability of a successful reorganization. In addition, the Debtor has failed to make quarterly fee payments to the Office of the United States Trustee from the second quarter of 2021 to present. The Debtor's failure to provide his post-petition financial disclosure and comply with the basic requirements as a chapter 11 debtor, indicates that the Debtor has no desire to rehabilitate. Accordingly, cause has been shown under 11 U.S.C. §1112(b) in support of dismissal or conversion of this chapter 11 case.

## **BACKGROUND**

1.      On June 6, 2019, the Debtor commenced this proceeding by filing a voluntary chapter 13 petition with the Court. **(Dkt. # 1).**

2.      Pursuant to an order dated October 4, 2019, the Debtor's chapter 13 case was converted to one under chapter 11 of the Bankruptcy Code. **(Dkt.# 26)**

3..      Pursuant to an order dated June 16, 2020 ("June 16 Order"), the relief sought by Wells Fargo Bank, NA, as servicing agent for U.S. Bank National Association, as Trustee for Bank of America Funding Corporation Mortgage Pass-Through ("Wells Forgo"), was granted and the automatic stay against a parcel of real property located at 4221 Atlantic Avenue, Brooklyn, New York, was vacated. **(Dkt.# 70)**

4.      On June 25, 2020, the Debtor filed an appeal from the June 16 Order. (Dkt.# 70) Pursuant to an order dated March 22, 2021, the appeal was dismissed and the June 16 Order was affirmed.  **(Dkt.# 102)**

5.      Pursuant to an order dated August 6, 2021 ("August 6 Order"), the relief sought by Select Portfolio Servicing, Inc, a Servicer for U.S. Bank N.A., Successor Trustee to Bank of

a/America, N.A. ("Select Portfolio") was granted and the automatic stay against a parcel of real property located at 120 Oceana Drive West, Unit 5D, Brooklyn, New York, was vacated. **(Dkt# 197)**

      6.      On August 19, 2021, the Debtor filed a notice of appeal from the August 6 Order. **(Dkt.# 224)**   Upon information and belief, the appeal is currently pending before the United States District Court.

      7.      On December 16, 2021, Select Portfolio filed an amended motion to dismiss the Debtor's chapter 11 case. **(Dkt. # 250)**

      8.      On April 5, 2022, the United States Trustee sent an invoice to the Debtor regarding the accrued unpaid outstanding quarterly fee payment of $1,000 and urged the Debtor to promptly make the payment.

      9.      By order of the Court dated May 11, 2022, the Debtor's case was reassigned to the Honorable Alan S. Trust, Chief Bankruptcy Judge of the Eastern District of New York. **(Dkt.# 277)**.

      10.      On May 25, 2022, the United States Trustee conducted a telephonic conference with the Debtor reminding him that he was required to timely file all MORs and pay quarterly fees to the United States Trustee, as a part of his debtor-in-possession responsibilities.

      11.      On June 9, 2022, the United States Trustee sent an email to the Debtor emphasizing the importance of complying with the requirements of filing MORs on a timely manner and that the Debtor needed to file all delinquent MORs. A copy of the email is attached as **Exhibit A**.

      12.      On June 27, 2022, once again, the United States Trustee sent an email to the Debtor requesting him to file all delinquent MORs for the reporting periods from June 2021 to

May 2022.  In addition, an invoice with the estimated amount of $1,000 for unpaid quarterly fees was also attached to the email.  A copy of the email with the invoice is attached as **Exhibit B**.

13.     As of to date, the Debtor has failed to file the missing MORs or pay the outstanding quarterly fees.

14.     The Debtor has failed to file a plan of reorganization.

15.     Pursuant to an order dated June 15, 2022, an evidentiary hearing on Select Portfolio's motion, has been scheduled for July 18, 2022. **(Dkt.# 286)**

## <u>APPLICABLE LEGAL AUTHORITY</u>

16.     28 U.S.C. §586(a)(8) states that "in any case in which the United States Trustee finds material grounds for relief under §1112 of Title 11, the United States Trustee shall apply promptly after making that finding to the court for relief."  Under 11 U.S.C. §307, the United States Trustee has standing to be heard on any issue, in any bankruptcy case or proceeding. Pursuant to 28 U.S.C. §586(a)(3), the United States Trustee is charged with the duty of supervising the administration of cases in chapter 11.   This Court has jurisdiction over this matter, pursuant to 28 U.S.C. §157.

I.     *Cause exists to convert or dismiss the Debtor's case*

17.     Conversion of chapter 11 cases is governed by 11 U.S.C. §1112(b) of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), which states in relevant part as follows:

> (1)  Except as provided in paragraph (2) of this subsection . . . on request of a party in interest . . . absent unusual circumstances specifically identified by the court that establish that the requested conversion or dismissal is not in the best interests of creditors and the estate, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes cause.

5

(2)   the relief provided in paragraph (1) shall not be granted absent unusual circumstances specifically identified by the court that establish that such relief is not in the best interests of creditors and the estate, if the debtor or another party in interest objects and establishes that –

> (A)    there is a reasonable likelihood that a plan will be confirmed within the timeframes established in §§ 1121(e) and 1129(e) of this title . . .; and
>
> (B)    the grounds for granting such relief include an act or omission of the debtor other than under paragraph (4)(A) --
>
>> (i)    for which there exists a reasonable justification for the act or omission; and
>> (ii)   that will be cured within a reasonable period of time fixed by the court . . .

(4)    for purposes of this subsection, the terms 'cause' includes –

> (A)  substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation . . .
>
> (F)  unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter . . .
>
> (K)  failure to pay any fees or charges required under chapter 123 of title 28 . . .

18.    Stated differently, with limited exceptions, §1112(b) mandates that the court dismiss or convert a chapter 11 case where any of the acts or omissions identified in §1112(b)(4) exist.   The mandatory language of §1112(b) is a substantial departure from the former law, which left dismissal or conversion entirely in the court's discretion.   "Congress has purposefully limited the role of this Court in deciding issues of conversion or dismissal, such that this Court has no choice, and no discretion, in that it 'shall' dismiss or convert a case under Chapter 11 if

the elements for 'cause' are shown under 11 U.S.C. §1112(b)(4)." <u>In re TCR of Denver, LLC</u>, 338 B.R. 494, 498 (Bankr. D. Colo. 2006).    There are only two exceptions to mandatory conversion or dismissal.  The first is found in §1112(b)(1), and it restores the court's discretion over dismissal or conversion in cases involving "unusual circumstances specifically identified by the court."  The second exception is found in §1112(b)(2), and it operates to enable a debtor to avoid dismissal or conversion where "reasonable justification" exists for the deficiencies in the case, those deficiencies "will be cured within a reasonable period of time," and there is a reasonable likelihood that the debtor will confirm a plan.  However, this second exception is inapplicable if cause exists under §1112(b)(4)(a) (substantial or continuing loss to the estate).

19.    Whether cause exists to convert or dismiss a case is a determination that rests within the sound discretion of the court.  <u>In re Levinsky</u>, 23 B.R. 210, 217 (E.D.N.Y. 1982).  In fact, the Bankruptcy Court has broad discretion to determine whether conversion or dismissal of a chapter 11 case, so long as its decision is made based upon the best interest of creditors.  <u>See In re Gonic Realty Trust</u>, 909 F. 2d 624, 626-27 (1st Cir 1990).  While the burden of showing cause rests with the moving party, <u>In re Pensignorkay, Inc.</u>, 204 B.R. 676, 680 (Bankr. E.D. Pa. 1997); <u>In re Earth Services, Inc.</u>, 27 B.R. 698, 700 (D. Vt. 1983), that burden can be met either by demonstrating the existence of one or more of the statutory grounds enumerated in section 1112(b) or by showing other cause. <u>Levinsky</u>, 23 B.R. at 217; <u>see also</u>  <u>In re Santiago Vela</u>, 87 B.R. 229, 231 (D. P.R. 1988); <u>In re 3868-70 White Plains Road, Inc.</u>, 28 B.R. 515, 519 (S.D.N.Y. 1983).

20.    11 U.S.C. §1112(b)(b)(4) sets forth a list of examples of "cause."  For purposes of the instant motion, under 11 U.S.C. §1112(b)(4) "cause" includes:

>    (A)  substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;

(F) unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter;

(K) failure to pay any fees or charges required under chapter 123 of title 28 . . .

21. The list set forth at 11 U.S.C. §1112(b)(4) is illustrative and not exhaustive; a court may find that "cause" for conversion exists based on circumstances which are not among those enumerated in 11 U.S.C. §1112(b)(4). See In re C-TC 9th Ave. P'ship, 113 F.3d 1304, 1311 (2nd Cir. 1997). Although BAPCPA significantly altered 11 U.S.C. §1112(b), the revised statute did not impact the nonexclusive nature of 11 U.S.C. §1112(b)(4). See In re Springs Hospitality, Inc., 2006 WL 2458679, *3 n.6 (Bankr. D. Idaho 2006) (concluding that the list set forth at 11 U.S.C. §1112(b)(4) is non-exhaustive, like its pre-BAPCPA corollary at 11 U.S.C. §1112(B)(1)); In re 3 RAM, Inc., 343 B.R. 113, 117 (Bankr. E.D. Pa. 2006) ("[w]hile the enumerated examples of 'cause' to convert or dismiss a chapter 11 case now listed in §1112(b)(4) have changed under BAPCPA, the fact that they are illustrative, not exhaustive has not").

22. Among the considerations frequently cited by courts, in determining to dismiss or convert a Chapter 11 case, is whether a debtor has filed his petition in bad faith. See, e.g. C-TC 9th Ave. P'ship, 113 F.3d at 1310 ("[t]he good faith standard applied to bankruptcy petitions furthers the balancing process between the interests of debtors and creditors which characterizes so many provisions of the bankruptcy laws and is necessary to legitimize the delay and costs imposed upon parties to a bankruptcy") (citation and internal quotations omitted).

## ARGUMENT

*I.*     *Cause exists for Court to enter an order converting or dismissing this chapter 11 case*

**A.     Unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter**

23.     Despite continuous reminders to the Debtor, he has failed to file MORs since June 2021.  It is the Debtor's fiduciary duty as a debtor-in-possession to file MORs that show his complete post-petition financial picture.  Without understanding the Debtor's post-petition financial state, it is difficult, if it is not impossible, to monitor the Debtor's post-petition financial activities.  As a result, it is also impossible to assess the financial feasibility of the Debtor's reorganization.  The Debtor's failure to comply with the mandatory reporting requirements essentially prevents any financial monitoring of his financial activities.  The Debtor's failure to timely file MORs constitutes cause under 11 U.S.C. §1112(b)(4)(F) to convert or dismiss this case.

**B.     Failure to pay any fees or charges required under chapter 123 of title 28**

24.     An invoice of all outstanding quarterly fee payments was sent to the Debtor in April of 2021.  The United States Trustee also followed up with the Debtor regarding the delinquent quarterly fee payments by an email on July 27, 2022.  As of to date, the Debtor has failed to pay the quarterly fees in an estimated amount of $1,000 to the United States Trustee. The Debtor's failure to pay the quarterly fees further demonstrates that the Debtor does not have the financial ability to service his debts as they come due.   In addition, such a failure to pay fees required under chapter 123 of title 28 constitutes cause pursuant to 11 U.S.C. §1112(b)(4)(K) in support of conversion or dismissal of this case.

25.    In light of the foregoing, cause exists under 11 U.S.C. §1112(b) for the entry of an order dismissing this chapter 11 case, or in the alternative, converting this case to one under chapter 7 of the Bankruptcy Code.

## **CONCLUSION**

26.    The Debtor sought voluntary bankruptcy relief in 2019, but has continued to fail to comply with the basic requirements as a debtor-in-possession.  Since the Debtor has failed to file MORs since June of 2021 or pay quarterly fees to United States Trustee, it appears that the Debtor has no desire to go forward with this chapter 11 case.   Based upon the foregoing, it is submitted that cause has been shown in support of dismissal or conversion of this chapter 11 case.

WHEREFORE, the United States Trustee respectfully requests that the Court enter an order:

A.    Converting this case to one under chapter 7, or in the alternative, dismissing this case;

B.    Requiring the payment of the United States Trustee's quarterly fees through the date of entry of the order converting or dismissing the case; and

C.    Granting such other and further relief as may seem just and proper.

Dated:    Central Islip, New York
June 30, 2022

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE
REGION 2

 **/S/  Stan Y. Yang**
Stan Y. Yang
Trial Attorney

Long Island Federal Courthouse
560 Federal Plaza
Central Islip, New York 11722-4456
(631) 715-7800