**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

In re:

MICHAEL KRICHEVSKY

Case No. 1-22-71045-ast
Chapter 11

**Debtor In Possession**

**AFFIRMATION IN OPPOSITION TO DEBTOR'S MOTION TO STAY BANKRUPTCY COURT ACTIONS PENDING APPEAL**

To: Honorable Alan S. Trust
U.S. Bankruptcy Judge

Brittany J. Maxon, Esq., an attorney duly admitted to practice law in this court, affirms the following to be true, under penalties of perjury:

1. I am an attorney with Woods Oviatt Gilman LLP, attorneys for Defendants Woods Oviatt Gilman, LLP, Donald W. O'Brien, Jr., Natalie A. Grigg, Aleksandra K. Fugate, Brittany Maxon, David Bruce Wildermuth, Brettanie L. Hart Saxton, Victoria E. Munian, Michael Thomas Jablonski, and Miranda L. Sharlette a/k/a Miranda Jakubec ("Woods Defendants") who were named in Debtor's Adversary Proceeding No.1-22-08036 due to their representation of Wells Fargo Bank, N.A. as servicing agent for U.S. Bank National Association, as Trustee for Banc of America Funding Corporation Mortgage Pass-Through Certificates, Series 2006-F ("Secured Creditor") in Debtor's underlying bankruptcy and foreclosure actions. I am fully familiar with the facts of this case and submit this affirmation in opposition of Debtor's Motion to Stay Bankruptcy Court Actions Pending Appeal.

**Discussion**

2. The decision as to whether or not to grant a stay of an order pending appeal lies within the sound discretion of the court. *Koper v. Koper (In re Koper)*, 560 B.R. 68, 75 (Bankr. E.D.N.Y. 2016). A movant seeking a discretionary stay pending appeal under Rule 62 of the Federal

Rules of Civil Procedure and Rule 8007 of the Federal Rules of Bankruptcy Procedure must demonstrate (1) that he would suffer irreparable injury absent a stay; (2) that other parties would suffer no substantial injury if the stay were granted; (3) that the public interest favors a stay; and (4) that there is a substantial possibility of success on the merits of movant's appeal. *Hirschfeld v. Board of Elections*, 984 F.2d 35, 39 (2d Cir. 1992). The moving party must show satisfactory evidence on all four criteria and failure to satisfy one prong of this standard for granting a stay will doom the motion. *Turner v. Citizens Nat'l Bank of Hammond (In re Turner)*, 207 B.R. 373, 375 (B.A.P. 2d Cir. 1997). Debtor fails to show satisfactory evidence on all four criteria, and therefore his motion should be denied in its entirety, with prejudice.

## Irreparable Harm Absent a Stay

3. Debtor fails to provide any argument that he will suffer irreparable harm in his request for a stay pending appeal. Assuming the Debtor would argue that, absent a stay, Secured Creditor will proceed with the foreclosure action handled by affirmant's firm, Debtor would still not suffer irreparable harm. The automatic stay was modified to permit Secured Creditor to pursue their rights under applicable law with respect to the property located at 4221 Atlantic Avenue, Brooklyn NY 11224 ("Subject Property") by Order dated June 16, 2020. *See* Exhibit A. Debtor previously appealed this decision. Said appeal was denied by the District Court on March 22, 2021, which affirmed the Order modifying the automatic stay to allow Secured Creditor to pursue their rights under applicable law with respect to the Subject Property. *See* Exhibit B. Therefore, even if the Debtor was successful, albeit unlikely, on his current appeal, there would be nothing precluding the Secured Creditor from proceeding with the underlying foreclosure action, as relief from the stay against the property located at Subject Property has already been granted and upheld on appeal. Therefore, Debtor cannot show that he would suffer irreparable

injury absent a stay, and as such fails to satisfy the first requirement under Rule 8007 of the Federal Rules of Bankruptcy Procedure. Accordingly, Debtor's motion should be denied in its entirety, with prejudice.

### Potential Harm to Other Parties

4. The Debtor must establish that the other parties will not suffer substantial harm if a stay is granted pending appeal. The Debtor fails to show that the other parties will suffer no injury from a stay. Secured Creditor and affirmant's firm have already incurred substantial fees in both state and federal court defending against Debtor's baseless allegations and excessive litigation. The instant motion is simply another attempt by Debtor to thwart the Secured Creditor's recovery of its collateral for a loan with a default date of July 1, 2010. Secured Creditor has already been substantially harmed by Debtor's default in paying his mortgage for over twelve years, while the Secured Creditor has been forced to maintain taxes and insurance on the property. Any further delay or fees incurred due to the stay pending appeal is prejudicial and would result in substantial harm to the Secured Creditor.

5. Furthermore, Debtor has been held in civil contempt for attempting personal service at the private residences of several attorneys, after being ordered explicitly not to do so on at least two occasions. Debtor's actions are an invasion of the privacy of those professionals involved in the bankruptcy proceeding and can reasonably be considered a threat to their personal safety. Debtor's actions also show a blatant disrespect and disregard for the authority of this Court. Debtor has failed to establish that this will not continue upon a stay pending appeal. As Debtor has failed to sustain his burden of proof that a stay pending appeal will not cause substantial injury, Debtor's motion should be denied in its entirety, with prejudice.

### Substantial Possibility of Success on Appeal

6. "The 'substantial possibility of success' test is considered an intermediate level between 'possible' and 'probable' and is 'intended to eliminate frivolous appeals.'" *Koper v. Koper (In re Koper)*, 560 B.R. 68, 75 (Bankr. E.D.N.Y. 2016). Debtor does not make any legal arguments for this prong. Rather, Debtor continues his well-established pattern of making baseless accusations attacking the ethics and competence of anyone associated with this bankruptcy proceeding. The Debtor makes no showing that the Court erred in reaching its decision, but rather broadly accuses the Court of "blatant defiance of [his] Constitutional Right to Due Process" and states that the Court can "no longer be trusted". *See* Debtor's Motion at ¶ 57. An unfavorable result for the Debtor does not establish an error by the Court that would likely be overturned on appeal. *See In re Sabine Oil*, 54 B.R. at 684 (holding that the movant failed to establish a substantial possibility of success on appeal when it failed to cite new cases in support of the arguments that it previously presented to the court). Debtor makes no showing that the Court erred in reaching its decision and therefore Debtor has failed to demonstrate a substantial possibility of success on appeal. As such, Debtor's motion should be denied in its entirety, with prejudice.

### Public Interests That May Be Affected

7. Debtor makes no arguments that public interest favors granting a stay pending appeal. The Debtor's bankruptcy proceeding was pending for over three years and is now dismissed. The public interest weighs heavily in favor of denying a stay pending appeal as the public has a strong interest in the expeditious administration of bankruptcy proceedings and preventing abuse of the court system. *See In re 473 W. End Realty*, 507 B.R. at 508 (citing *In re Taub*,

2010 WL 3911360, at *6 (Bankr. E.D.N.Y. 2010). As the public interest weighs in favor of denying a stay pending appeal, Debtor's motion should be denied in its entirety, with prejudice.

### Conclusion

8.  As demonstrated by the foregoing analysis, the Debtor has not shown he will suffer irreparable harm absent a stay, that other parties would not be harmed by the granting of a stay, a likelihood of success on the merits on appeal, or that public interest weighs in favor of granting a stay, and therefore the balance of factors tip in favor of denying the stay.

**WHEREFORE**, Woods Defendants respectfully request that the Court deny Debtor's motion in its entirety, an award further relief as the Court deems just and proper.

DATED: August 22, 2022
Rochester, New York

*[signature: Brittany J Maxon]*
WOODS OVIATT GILMAN LLP
Brittany J. Maxon, Esq.
Attorneys for Defendants
500 Bausch & Lomb Place
Rochester, NY 14604
Telephone: 855-227-5072

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

 **In re:**

**MICHAEL KRICHEVSKY**

**CERTIFICATE OF SERVICE**
**Case No. 8-22-71045-ast**
**Chapter 11**

**Debtor.**

### CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that on August 22, 2022, I caused the foregoing Opposition, including all attachments to be electronically filed with the Clerk of Court by using the CM/ECF system, and provided a true correct copy of said document including all attachments to a vendor for mailing by U.S. Postal Service First Class Main Postage Prepaid or FedEx to the following parties:

Michael Krichevsky
4221 Atlantic Ave
Brooklyn, NY 11224


            */s/ Kevin P. Hoenig*
            Kevin P. Hoenig
            Bankruptcy Clerk

100400-14