**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

### U.S. District Court

### Eastern District of New York

### Notice of Electronic Filing

The following transaction was entered on 8/23/2022 at 9:20 AM EDT and filed on 8/23/2022

**Case Name:**          Krichevsky et al v. DeRosa et al
**Case Number:**       2:22-cv-04472-RPK
**Filer:**
**Document Number:** No document attached

**Docket Text:**
**ORDER: The emergency motion for a stay of the bankruptcy proceedings at [3] is denied. Appellant's motion fails to demonstrate why moving first in the bankruptcy court would be "impracticable" or that a motion has already been made in bankruptcy court as required by Federal Rule of Bankruptcy Procedure 8007(b)(2). "[A] showing of impracticability would normally require a showing that the bankruptcy judge is unavailable, or that, to be effective, relief must be immediate, and that based upon what occurred in the bankruptcy court, relief from it is improbable." _In re BGI, Inc._, 504 B.R. 754, 761 (S.D.N.Y. 2014) (quoting 10 Alan N. Resnick & Henry J. Sommer, Collier on Bankruptcy ¶ 8005.11, at 108005 (16th ed. 2013)) (internal quotation marks omitted). "A party's failure to submit a motion to stay to a bankruptcy court in the first instance because of prior adverse rulings is not a sufficient showing of impracticability." _Bank of Am., N.A. v. Arregoces_, No. 17-CV-60786 (BB), 2017 WL 7788356, at \*2 (S.D. Fla. June 16, 2017) (citing _In re Howes_, No. 16-CV-00840 (ELH), 2016 WL 4944983, \*3 (D. Md. Sept. 15, 2016)). While appellant points to prior adverse rulings against him, he has not shown impracticability.**

**In addition, appellant has failed to otherwise meet the burden of proving that a stay should be granted. A district court must consider the following factors when deciding whether to grant a stay pending appeal pursuant to Bankruptcy Rule 8005: "(1) whether the movant will suffer irreparable injury absent a stay, (2) whether a party will suffer substantial injury if a stay is issued, (3) whether the movant has demonstrated a substantial possibility, although less than a likelihood, of success' on appeal, and (4) the public interests that may be affected." _Hirschfeld v. Bd. of Elections in the City of N.Y._, 984 F.2d 35, 39 (2d Cir. 1993); _see In re Taub_, 470 B.R. 273, 277 (E.D.N.Y. 2012) (citing _In re Smith_, No. 09-CV-508, 2009 WL 366577, at \*2 (E.D.N.Y. Feb. 12, 2009). Appellant has not demonstrated a right to a stay based on those factors.**

**Accordingly, appellant's emergency motion for a stay of the bankruptcy proceedings is denied. Ordered by Judge Rachel P. Kovner on 8/23/2022. (Andrews, Stephen)**

**2:22-cv-04472-RPK Notice has been electronically mailed to:**

Marianne DeRosa      derosa@ch13mdr.com

Stan Yuon Yang      stan.y.yang@usdoj.gov

James Faller      james.faller@reedsmith.com, ARoumeliotis@reedsmith.com, james-faller-7847@ecf.pacerpro.com

**2:22-cv-04472-RPK Notice will not be electronically mailed to:**

Michael Krichevsky
4221 Atlantic Ave
Brooklyn, NY 11224